<a>
</a>



# In the United States Court of Federal Claims

No. 16-801C
(Filed: July 28, 2016)

**FILED**
JUL 2 8 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| NICHOLAS JAMES KEREMES, | ) |
| *Pro Se* Plaintiff, | ) ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER OF DISMISSAL

    The court is in receipt of the complaint filed in the above-captioned case on July 5, 2016 by pro se plaintiff Nicholas Keremes. Plaintiff, who is incarcerated at Pennsylvania State Correctional Institution at Albion, alleges that the prison's medical department denied him medical treatment. According to the grievance forms and other exhibits filed with the complaint, plaintiff's claims are based on a prison official's refusal to order non-generic medication.

    A plaintiff has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See, e.g.*, *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claims. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted). Under Rule 12(h)(3) of the Rules of the Court of Federal Claims, the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

    Under the Tucker Act, 28 U.S.C. § 1491, this court has jurisdiction to hear "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

USPS TRACKING #  9114 9014 9645 0594 5520 47
& CUSTOMER         For Tracking or inquiries go to USPS.com
RECEIPT                       or call 1-800-222-1811.

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Because plaintiff's claims are not against the United States, but are against a state entity, this court lacks jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *see also Bowles v. United States*, 639 F. App'x 647, 648 (Fed. Cir. 2016) (per curiam) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Pierce v. United States*, 590 F. App'x 1000, 1001 (Fed. Cir. 2015); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003)). Therefore, plaintiff's complaint is **DISMISSED**.[1] The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[1] On July 25, 2016, plaintiff also filed a motion for leave to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint.